# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 12, 2020

161492 (53)(54)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re* CERTIFIED QUESTIONS FROM THE
UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION
_____/

MIDWEST INSTITUTE OF HEALTH, PLLC,
d/b/a GRAND HEALTH PARTNERS,
WELLSTON MEDICAL CENTER, PLLC,
PRIMARY HEALTH SERVICES, PC, and
JEFFERY GULICK,
      Plaintiffs,
v

GOVERNOR OF MICHIGAN, MICHIGAN
ATTORNEY GENERAL, and MICHIGAN
DEPARTMENT OF HEALTH AND HUMAN
SERVICES DIRECTOR,
      Defendants.
_____/

SC: 161492
USDC-WD: 1:20-cv-414

On order of the Court, the motion for immediate consideration is GRANTED. The motion to stay the precedential effect of the October 2, 2020 opinion is considered, and it is DENIED.

McCORMACK, C.J. (*concurring*).

While I disagreed with the majority's holding the Emergency Powers of the Governor Act, MCL 10.31 *et seq*., unconstitutional for the reasons I've already expressed, see *In re Certified Questions from the United States Dist Court*, ___ Mich ___ (Docket No. 161492, October 2, 2020) (McCORMACK, C.J., concurring in part and dissenting in part), I concur in the order denying the motion to stay that decision because I do not believe the Court has the authority to grant the remedy the Governor requests. The federal district court certified to us two questions of Michigan law. We answered those questions and sent that answer to the district court, as our rules require. See MCR 7.308(A)(5). Our court rules do not provide a way for any party to the lawsuit in the district court to challenge our answer in this Court.[1] Respectfully, I believe that the

---

[1] The Governor and the Attorney General cite MCR 7.315(C)(2)(a) and a related internal operating procedure, but as the Legislature notes, that provision contains this Court's mandate rule. This is a certified questions case, so no order or judgment is entered.

defendants' motion (and the dissent's view that the majority should have delayed the "precedential effect" of our answer to the district court) relies on a misunderstanding—there simply is no "precedential effect" for this Court to stay.[2]

CAVANAGH, J., joins the statement of MCCORMACK, C.J.

BERNSTEIN, J. (*dissenting*).

A majority of this Court has voted to deny defendants' motion to delay the precedential effect of this Court's opinion until October 30. Assuming without deciding that we cannot grant the motion filed by defendants, I would have preferred to exercise our discretion and clarify that when this Court's opinion originally entered on October 2, it should not have had immediate precedential effect.

I agree with defendants that a delay here could only allow the Governor and the Legislature the time to better prepare for an appropriate transition. Importantly, one of the executive orders that will be impacted by this Court's opinion concerns unemployment benefits. See Executive Order No. 2020-76. Even assuming that the Legislature will be able to respond quickly, the Governor notes that up to 830,000 active claimants may lose their benefits once this Court's opinion takes effect. This represents a significant potential disruption to the livelihoods of the people of Michigan in a time of great public crisis. See also Executive Order No. 2020-125 (extending protections under the Workers' Disability Compensation Act of 1969, MCL 418.101 *et seq.*, to COVID-19-response employees). Although I note Chief Justice MCCORMACK's concern that there is no precedential effect to be stayed here, I would have preferred to delay the precedential effect of this Court's opinion both here and in *House of Representatives v Governor*, ___ Mich ___ (Docket No. 161917, October 12, 2020), in order to prevent confusion and to ensure that the Governor and the Legislature have an adequate amount of time to coordinate their efforts and guard against such unintended consequences.

---

[2] And even if it were possible for us to grant the relief sought by the defendants, to do so in this case would be a purely academic exercise given the majority's decision in *House of Representatives v Governor*, ___ Mich ___ (Docket No. 161917, October 12, 2020), to reverse the Court of Appeals and give this Court's judgment immediate effect.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 12, 2020



Clerk

t1007